THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Oil-Dri Corporation of American ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | Judge _____ |
| Nestlé Purina Petcare Company ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT

Plaintiff Oil-Dri Corporation of America ("Oil-Dri") complains of defendant, Nestlé Purina Petcare Company ("Nestlé"), as follows:

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

### The Parties

2. Oil-Dri is a Delaware corporation having a principal place of business at 410 North Michigan Avenue, Chicago, Illinois.

- 1 -

- 2 -

3. Nestlé is a Missouri company doing business throughout the United States, and having its executive offices at One Checkerboard Square, St. Louis, Missouri 63164.

4. Nestlé is directly wholly-owned by Nestlé Holdings, Inc. of Glendale, California, and is an indirectly, wholly-owned subsidiary of ultimate corporate owner Nestlé S.A. of Switzerland.

### Venue

5. Venue is, therefore, proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

### Patent Infringement

6. Oil-Dri owns and has standing to sue for past, current and future infringement of unexpired United States Patent No. 5,975,019 entitled "Clumping Animal Litter," issued November 2, 1999 to G. Robert Goss and D. Cristina Frugoli ("the Patent in-suit," Exhibit 1).

7. Nestlé transacts business in this judicial district and elsewhere in the United States in part by manufacturing, offering for sale and/or selling, both in the past and currently, certain clumping cat litters, at least including those known as Tidy Cats® 24/7 Performance and Occasional Cleaning clumping cat litters ("the

Accused Products"), which infringe at least Claims 9, 11, 12 and 13 of the Patent in-suit pursuant to 35 U.S.C. § 271 et. seq.

8. Damages to Oil-Dri accruing from Nestlé's infringement of the Patent in-suit have occurred based on sales of infringing products in this judicial district and elsewhere in the United States, and Oil-Dri has its principal place of business in this judicial district.

9. Nestlé's infringement has injured Oil-Dri and Oil-Dri is entitled to recover damages adequate to compensate it for infringement of the Patent in-suit.

10. Nestlé's infringement will continue to injure Oil-Dri until this Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, sale, and offer for sale of Nestlé's infringing Tidy Cats® clumping cat litters.

### Willful Infringement

11. Nestlé was aware of the Patent in-suit at least as early as about March 20, 2006, when reexamination requestor Clorox cited and discussed the Patent in-suit in its reexamination request of U.S. Patent No. 6,887,570, which is owned by a company wholly owned by Nestlé SA.

12. Nestlé was aware of the relative particle sizes of its swelling and non-swelling clay constituents in its Accused Products, and also the relative weight percentages of those constituents, as compared with those identified and claimed in the Patent in-suit, Nestlé should have known that it was infringing the Patent in-suit.

13. Nestlé received correspondence from Oil-Dri on March 19, 2014, and again on October 14, 2014, notifying Nestlé of the Patent in-suit.

14. For these reasons, as well as additional reasons that may be developed in discovery, Nestlé's infringement has been willful and treble damages and attorney fees should be awarded pursuant to 35 U.S.C. §§ 284, 285.

## PRAYER FOR RELIEF

WHEREFORE, Oil-Dri asks this Court to enter judgment against Nestlé, as well as its subsidiaries, agents, servants, employees, attorneys and all persons in active concert or participation with it, and granting Oil-Dri the following relief:

A. An award to Oil-Dri of such damages pursuant to 35 U.S.C. § 284 that are adequate to compensate it for Nestlé's infringement, the damages to be no less than a reasonable royalty;

B.  An award of prejudgment interest from the date infringement began of the Patent in-suit;

C.  A permanent injunction pursuant to 35 U.S.C. § 283 prohibiting further infringement of the Patent in-suit;

D.  An award of treble damages pursuant to 35 U.S.C. § 284 to the extent that Nestlé's infringement is ultimately found to be willful.

E.  An award to Oil-Dri of its reasonable attorney fees pursuant to 35 U.S.C. § 285 upon a determination that this is an exceptional case justifying such fees.

F.  Such other and further relief as this Court and/or a jury may deem proper and just.

## JURY DEMAND

Oil-Dri demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

/s/ Michael P. Mazza
Michael P. Mazza
Illinois Bar No. 6201609
Dana Alvarado
Illinois Bar No. 6291515
MICHAEL P. MAZZA, LLC
686 Crescent Blvd.
Glen Ellyn, IL 60137

- 6 -

Phone: 630-858-5071
Fax: 630-282-7123
Email: mazza@mazzallc.com
dana@mazzallc.com

Shawn M. Collins
Robert L. Dawidiuk
THE COLLINS LAW FIRM
1770 N. Park Street, Suite 200
Naperville, IL 60563
Tel: 630-527-1595
E-mail: shawn@collinslaw.com
rdawudiuk@collinslaw.com

**Attorneys for Plaintiff
Oil-Dri Corporation of America**