# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OIL-DRI CORP. OF AMERICA, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> NESTLE PURINA PETCARE CO., ) <br> ) <br> Defendant/Counter-Plaintiff. ) | No. 15-cv-1067 <br><br> Hon. Amy J. St. Eve |

## MEMORANUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Defendant Nestle Purina Petcare Co. ("Purina") has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Oil-Dri Corporation of America's ("Oil-Dri") patent-infringement action to the extent that it relies on certain claims in U.S. Patent No. 5,975,019 ('019 Patent) that include the limitation of an "organic clumping agent." (R. 81 at 1.)[1] For the following reasons, the Court grants Purina's motion without prejudice.

## BACKGROUND[2]

### I.  The Patent-in-Suit

The '019 Patent, entitled "Clumping Animal Litter," was filed on August 19, 1997. (R. 77-1, '019 Patent, 1.) The Abstract of the patent describes "[a] clumping animal litter utilizing the interparticle interaction of a swelling clay, such as sodium bentonite, in combination with a

---

[1] Purina's motion also sought dismissal of Oil-Dri's claim that Purina's "lightweight" products infringe the '019 Patent. (R. 81 at 1.) Oil-Dri withdrew this claim, so the Court need not consider it. (R. 91.)

[2] The Court takes the facts presented in the Background from the complaint and presumes them as true for the purpose of resolving the pending motion to dismiss under Rule 12(b)(6). *See Teamsters Local Union No. 705 v. Burlington N. Santa Fe, LLC*, 741 F.3d 819, 823 (7th Cir. 2014); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

non-swelling clay material." (*Id.*) Additionally, the patent's abstract discloses that "[p]referably, sixty percent (60%) by weight, or less, composition of sodium bentonite is used after the judicious selection of particle size distribution such that the mean particle size of the non-swelling clay material is greater than the mean particle size of the sodium bentonite." The abstract further indicates that "an organic clumping agent, such as pregelatinized corn starch can be combined with the sodium bentonite/clay mixture to enhance clumping properties." (*Id.*)

The '019 Patent has three independent claims. Claim 1 is:

> A clumping animal litter comprising:
>
> a. a particulate non-swelling clay having a predetermined mean particle size no greater than about 4 millimeters; and
>
> b. a particulate swelling clay having a predetermined mean particle size no greater than about 2 millimeters, wherein the mean particle size of the non-swelling clay material is greater than the mean particle size of the swelling clay.

(*Id.* at col. 9:37–46.) Claim 21 is:

> A clumping animal litter comprising:
>
> a. a particulate non-swelling clay material in the amount of at most about 60 percent by weight of the animal litter, the material having a predetermined mean particle size;
>
> b. a particulate swelling clay in the amount of at least about 40 percent by weight of the animal litter, the material having a predetermined mean particle size, and wherein the mean particle size of the non-swelling clay material is greater than the mean particle size of the swelling clay;
>
> c. an organic clumping agent in an amount within the range of about 0.25 percent by weight to about 6 percent by weight of the animal litter; and
>
> d. wherein the ratio of the mean particle size of the non-swelling clay material to the mean particle size of the swelling clay is within the range of more than about 1:1 to about 4:1.

2

(*Id.* at col. 10:32–49.) Finally, Claim 30 is:

> A method for making a clumping animal litter comprising the steps of:
>
> a. combining a particulate non-swelling clay material with a suitable particulate swelling clay to form a composition wherein the mean particle size of the particulate non-swelling clay is greater than the mean particle size of the particulate swelling clay;
>
> b. mixing the composition to effect a substantially uniform distribution of the two materials;
>
> c. packaging a quantity of the mixed composition.

(*Id.* at col. 11:3–13.)

The dependent claims add various elements on top of the independent claims. Central to the motion now before the Court, various claims contain the limitation that the claimed animal litter or method for making animal litter include "an organic clumping agent." (*Id.* at col. 10:10–49, 62–65; col. 11:31–33; col. 12:33–9.) Claim 13, for example, is "[t]he animal litter of claim 1 and further comprising an organic clumping agent," (*id.* at col. 10:10–11), and Claim 31 is "[t]he method of claim 30 and further comprising the step of adding an organic clumping agent after the step of combining," (*id.* at col. 11:13–15).

## II. Oil-Dri's Allegations

Oil-Dri initiated this lawsuit in February 2015. (R. 1.) In February 2017, Oil-Dri filed an amended complaint. (R. 77.) In it, Oil-Dri alleges that Purina infringed and continues to infringe the '019 Patent with some of its "Tidy Cats" clumping cat litters, namely Instant Action; Dual Power; 24/7 Performance; 4-in-1 Strength; Glade Tough Odor Solutions; Small Spaces; Occasional Cleaning; Scoop for Multiple Cats; Power Blend; and Breathe Easy (the "Accused Products"). (*Id.* at ¶¶ 7–8.) Specifically, Oil-Dri contends that the Accused Products infringe

3

"various claims of the '019 Patent, including but not limited to claims 1–4, 6–7, 9–11, 13, 16, 21–26, 30–32, and 35." (*Id.* at ¶ 8.)

In its complaint, Oil-Dri makes specific allegations regarding infringement of Claim 1—a claim that does not include the element of "an organic clumping agent." (*Id.* at ¶ 9.) Oil-Dri, however, does not make similar specific allegations about any other patent claims.

Oil-Dri contends that it is entitled to damages in the amount of a reasonable royalty, treble damages due to willful infringement, a permanent injunction prohibiting further infringement, and reasonable attorneys' fees. (*Id.* at 5–6.)

## LEGAL STANDARD

Even in patent cases, the Court looks to Seventh Circuit law for the standard governing motions to dismiss under Rule 12(b)(6). *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2016); *see also Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 841 F.3d 1334, 1346 (Fed. Cir. 2016). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In determining the

4

sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in [a plaintiff's] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).[3]

Some of the facts the Court references come from exhibits attached to the complaint. The Court may properly consider such attachments in ruling on a Rule 12(b)(6) motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013); *McWorthey v. Tech. Ins. Co.*, No. 15-cv-5021, 2016 WL 4398063, at *3 n.3 (N.D. Ill. Aug. 18, 2016). When the exhibits contradict the allegations, "the exhibits trump the allegations." *See Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010); *McWorthey*, 2016 WL 4398063, at *3 n.3.

## ANALYSIS

Since Oil-Dri withdrew its claims related to Purina's "lightweight" products, Purina's only relevant argument is that "Oil-Dri's Amended Complaint is devoid of any alleged facts—let alone plausible facts—even suggesting that the accused Nestlé Purina products have an 'organic clumping agent' as expressly required by Claims 13, 16, 31 & 35."[4] (R. 81 at 2.) Oil-Dri does not dispute this, but instead argues that it need not plead any facts related to claims containing the limitation of an organic clumping agent as long as it "provides factual support that a

---

[3] The parties do not dispute that the familiar *Twombly-Iqbal* standard governs motions to dismiss patent infringement claims under Rule 12(b)(6). The Court therefore applies that standard. The Court notes, however, that in some cases, parties have disputed whether Form 18 and Rule 84 of the Federal Rules of Civil Procedure still have any application in patent cases even though the form and rule were eliminated from the Federal Rules in 2015. *See, e.g.*, *Sunrise Techs., Inc. v. Cimcon Lighting, Inc.*, No. 15-11545-NMG, 2016 WL 6902395, at *2 (D. Mass. Nov. 23, 2016). While one court has concluded that Form 18 still has some relevance to the sufficiency of a patent infringement complaint, *see Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-772-GMN-NJK, 2016 WL 199417 (D. Nev. Jan. 15, 2016), this Court agrees with the majority of courts that have concluded otherwise and have applied *Twombly* and *Iqbal*, *see, e.g.*, *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *3–4 (D. Ariz. Feb. 21, 2017) (collecting cases); *Sunrise Techs.*, 2016 WL 6902395, at *2; *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 352 (E.D. Pa. 2016) (collecting cases).

[4] Other claims that Oil-Dri asserts include an "organic clumping agent." (*See, e.g.*, R. 77-1 at col. 10:43–45 (claim 21 includes "an organic clumping agent in an amount within the range of about 0.25 percent by weight to about 6 percent by weight of the animal litter").) The Court's ruling applies to all claims that include the limitation of an organic clumping agent.

defendant infringed on each limitation *of a single claim* of the patent." (R. 96 at 2.) The Court agrees with Purina.

"To prove infringement, the patentee must show that an accused product embodies all limitations of the claim [that the patentee alleges the defendant infringed] either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013); *see also Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1382 (Fed. Cir. 2016) ("The infringement inquiry asks if an accused device contains every claim limitation or its equivalent."). "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed. Cir. 2015) (quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)). To show infringement under the doctrine of equivalents, the patentee must show that the accused product "contains an equivalent for each limitation not literally satisfied." *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 463 (Fed. Cir. 2016). "An element in the accused product is equivalent to a claimed element if the differences between the two elements are 'insubstantial' to one of ordinary skill in the art." *Id.*

Courts applying the *Twombly-Iqbal* standard to patent infringement claims have required plaintiffs to set forth sufficient facts to plausibly allege that the accused product embodies every limitation in a particular asserted claim. *See, e.g.*, *Scripps Res. Inst. v. Illumina, Inc.*, No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *4 (S.D. Cal. Nov. 21, 2016); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016); *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-5790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016). This requirement flows naturally from the *Twombly/Iqbal* and the burden of proof in a patent infringement case "because 'the failure to meet a single limitation is sufficient to negate infringement of [a] claim.'"

*e.Digital*, 2016 WL 4427209, at *3 (alteration in original) (quoting *Laitram Corp v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)); *Atlas*, 189 F. Supp. 3d at 775.

Oil-Dri points to cases that it contends conclude that plaintiffs need only adequately plead infringement as to one claim from a patent rather than all asserted claims from that patent. In *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *5 (D. Ariz. Feb. 21, 2017), the court explained, "Nor is Plaintiff required, as Defendants maintain, to allege facts supporting every limitation of every claim in each of the four patents-in-suit." Instead, the court reasoned that the plaintiff need only "provide factual allegations regarding every limitation *of at least one claim* of each allegedly-infringing patent." *Cont'l Circuits*, 2017 WL 679116, at *5. In *CG Technology Development, LLC v. Zynga, Inc.*, No. 2:16-cv-859-RCJ-VCF, 2017 WL 662489, at *2 (D. Nev. Feb. 17, 2017), the plaintiffs alleged infringement of "at least claims 1, 16, 20, 21, 24, 31, and 32." The plaintiffs' complaint, however, "focuse[d] solely on the alleged infringement of Claim 20 'by way of example.'" *CG Tech.*, 2017 WL 662489, at *2. Based on the plaintiffs' allegations concerning Claim 20, the court concluded that it had sufficiently pled its claim of infringement of the patent.[5] *Id.* Similar to these cases, the court in *Atlas IP LLC v. Pac. Gas & Elec. Co.*, rejected an argument that a plaintiff must specify which patent claims it is asserting as long as the plaintiff "state[s] a plausible claim for relief, which can be satisfied by adequately pleading infringement of one claim." No. 15-cv-05469-EDL, 2016 WL 1719545, at *5 (N.D. Cal. Mar. 9, 2016). The court noted, however, that "only claim 1 of the [patent] is actually asserted, so the scope of discovery would be limited accordingly." *Id.*

---

[5] *CG Technology* is not necessarily a compelling case for Oil-Dri's argument because Claim 20 was representative of all asserted claims and "the Court f[ound] that all of the asserted claims broadly contain certain essential elements," which were included in Claim 20. In the current case, Oil-Dri gives factual detail only regarding Claim 1, which does not contain the limitation of an organic clumping agent.

7

Additionally, the court explained that "the disclosures required by the Patent Local Rules will soon provide more detailed notice." *Id.*

Other cases, contrary to Oil-Dri's contentions, conclude that a plaintiff must adequately plead facts related to each asserted patent claim for an infringement action based on those claims to survive a 12(b)(6) motion. In other words, these cases hold that if a plaintiff alleges infringement of Claims 1 and 2 of a patent, which are materially different from one another, allegations that the accused product embodies the elements of Claim 1 is sufficient to plead infringement of that claim, but insufficient to plead infringement of Claim 2. In *Werteks Closed Joint Stock Co. v. Vitacost.com, Inc.*, the plaintiffs alleged that the defendants infringed "one or more" claims of a patent. No. 16-cv-60695-GAYLES, 2016 WL 5076169, at *2 (S.D. Fla. Sept. 20, 2016). Similar to the current case, plaintiffs' complaint addressed the elements of claim 1 of the patent but not claims 2 and 3. *Id.* The court granted the defendants' motion to dismiss "as to claims 2 and 3" of the patent because, under *Twombly* and *Iqbal*, "[t]he Plaintiffs are required to put forth facts that, at the very least, allow the Court to make a reasonable inference that the Defendants have infringed on claims 2 and 3." *Id.* at *3.[6]

Beyond the Southern District of Florida, courts have concluded or at least suggested that *Twombly* and *Iqbal* require adequate factual allegations supporting each asserted patent claim. In *Asghari-Kamrani v. United Services Automobile Ass'n*, for example, the court dismissed the plaintiffs' claims because, among other reasons, they "fail[ed] to identify how [the defendant's] website infringes each of the claims they allege have been infringed." No. 2:15cv478, 2016 WL

---

[6] The court in *Werteks* relied on the opinions of two other judges from the Southern District of Florida who reached the same conclusion. *See Werteks*, 2016 WL 5076169, at *3 (citing *Thermolife Int'l, LLC v. Vitamin Shoppe, Inc.*, No. 0:16-cv-60693-UU, 2016 WL 6678525, at *2 (S.D. Fla. June 8, 2016), and *Werteks Closed Joint Stock Co. v. GNC Corp.*, No. 16-60688-CIV-MORENO, Dkt. No. 32 at 2 (S.D. Fla. Aug. 23, 2016) (adopting the report and recommendation of the magistrate judge (Dkt. No. 30)).

8

1253533, at *4 (E.D. Va. Mar. 22, 2016). While the court noted that the plaintiffs identified several infringed claims in their complaint, "they only provide[d] details . . . about how the features of the website infringe claim 1." The court concluded that the plaintiffs "must detail how each claim is infringed." *Id.* Similarly, in *Jenkins v. LogicMark, LLC*, the court explained that "before filing a complaint, counsel must ascertain *exactly what claims should [be] alleged to be infringed and how they are infringed.*" No. 3:16-CV-751-HEH, 2017 WL 376154, at *3 (E.D. Va. Jan. 25, 2017) (emphasis in original). The court dismissed the plaintiff's patent claims because (1) he "failed to identify which specific patent claims are alleged to be infringed," (2) he failed to "specify which features of [the defendant's] products correspond to the limitations of any claims in the identified patents," and (3) he "d[id] not identify with any particularity *how* each allegedly infringing feature of the accused products infringes any of the named patents, either literally or under the doctrine of equivalents." *Id.* Finally, in *Scripps Research Institute v. Illumina, Inc.*, the court explained that under *Twombly* and *Iqbal*, "a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim," but the court clarified in a footnote that plaintiffs "should not read this holding as an invitation to assert and plausibly allege infringement of one claim, survive a motion to dismiss, and thereafter conduct discovery on other, unrelated claims." No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *5 & n.3 (S.D. Cal. Nov. 21, 2016). The court further explained that "while under *Twombly* a patentee need only plausibly allege direct infringement of one asserted claim for its *complaint* to survive a motion to dismiss, a patentee must plausibly allege direct infringement as to all asserted claims in its complaint in order for *those asserted claims* to likewise survive a motion to dismiss." *Id.* at *5 n.3 (emphasis in original).

The Court finds the cases in the two preceding paragraphs persuasive. It makes little sense that a plaintiff could plead infringement as to one patent claim and then proceed in the litigation with respect to every other materially different claim in the patent.[7] Such a result sidesteps *Twombly* and *Iqbal*'s plausibility requirements, up-ends the notice-pleading requirements that remain in place post-*Twombly*, subjects the defendant to potentially unnecessary and unwarranted discovery costs, and wastes judicial resources by preventing Rule 12(b)(6) motions from narrowing the focus of the case to issues for which the plaintiff has shown it has a plausible chance of success. While the local rules in this district require plaintiffs to eventually identify each patent claim that the defendant allegedly infringed and identify where each element of each asserted claim is found in the Accused Products, *see* N.D. Ill. Local Patent R. 2.2, 3.1, Oil-Dri does not identify any reason why these local rules would excuse it from the normal pleading requirements of Rule 8 that apply regardless of a federal case's subject matter, *see Thermolife*, 2016 WL 6678525, at *2 (rejecting the plaintiffs' contention that it need only plead facts related to one of three patent claims because it will further identify its infringement contentions later in the case); *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 351 n.4 (E.D. Pa. 2016) (agreeing with another case that explained (1) "using local patent rules to alter a defendant's pleading obligations, while perhaps practical given the very unique nature of federal patent litigation, offends the trans-substantive character of federal procedure," and (2) local patent rules "cannot modify a defendant's pleading standard . . . under the national rules." (quoting *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 904 (E.D. Pa. 2011))). In addition, plaintiffs should have no problem pleading facts related to each asserted

---

[7] The Court emphasizes that a plaintiff need not necessarily address each asserted patent claim individually in the complaint. Where two claims are materially the same, sufficient allegations as to one claim are enough to support the other. A complaint need not adhere to rigid formalism. The point is that a plaintiff cannot adequately plead infringement of a patent claim if it fails to allege anything about a particular claim limitation.

patent claim given their obligations under Federal Rule of Civil Procedure 11(b). In other words, Oil-Dri should already know the basis for its allegations concerning *all* of its asserted claims. *See Atlas*, 189 F. Supp. 3d at 775 ("[G]iven the investigation that Rule 11(b) requires before filing a complaint, it is difficult to imagine how an action for infringement could be brought without a tentative but nonetheless coherent theory of which claims are allegedly infringed and how the accused products practice—or, because Rule 11(b)(3) permits pleading on information and belief, may practice—each of those claims' elements.").

In short, *Twombly* and *Iqbal* require plaintiffs to plead sufficient facts supporting their infringement allegations with respect to each asserted patent claim. In this case, Purina seeks dismissal of Oil-Dri's infringement claim to the extent it relies on patent claims containing the limitation of an organic clumping agent. Oil-Dri does not dispute that its complaint fails to include allegations related to the organic clumping agent limitation, but instead argues that the Court should deny Purina's motion because Oil-Dri pleads facts related to claim 1 of the patent (which, as previously noted, does not include the limitation of an organic clumping agent). For the reasons outlined above, the Court disagrees with Oil-Dri. The Court therefore dismisses without prejudice Oil-Dri's infringement claim to the extent it asserts infringement of organic-clumping-agent claims. Otherwise, Oil-Dri's infringement claim may advance.

## CONCLUSION

For the foregoing reasons, the Court grants the unmooted portion of Purina's motion without prejudice.

Dated: March 31, 2017

ENTERED

_____
AMY J. ST. EVE
United States District Court Judge