# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OIL-DRI CORP. OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 1067 |
| ) | |
| NESTLE PURINA PETCARE CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

This patent infringement suit was recently transferred to the undersigned judge from Judge Amy St. Eve after she was appointed to the court of appeals. The claim construction hearing is set for early August. Two discovery-related motions were referred by Judge St. Eve to Magistrate Judge Sidney Schenkier and are pending before him. The present order addresses a motion that is pending before the undersigned judge.

Plaintiff Oil-Dri Corp. of America has moved to exclude certain defenses that it contends were first identified in defendant Nestle Purina PetCare Co.'s final invalidity contentions served under Local Patent Rule (LPR) 3.1. Oil-Dri's objections may be grouped into three categories. First, it contends that a number of the defenses that Nestle asserts in its final contentions were not raised in its initial invalidity contentions served under LPR 2.3 and should be barred for that reason. Second, Oil-Dri contends that Nestle is relying on prior art references that Judge St. Eve ruled it was barred from

using.  Finally, though not asserted as a separate basis for exclusion, Oil-Dri argues that Nestle's final contentions include, potentially, over a thousand prior art combinations asserted as a basis for invalidity defenses and that this is unreasonable and unfair.

      1.    The Court overrules Oil-Dri's argument that Nestle should be barred from including invalidity defenses (including combinations of prior art) that it did not assert in its initial contentions.  Accepting this argument would essentially turn the Local Patent Rues on their head.  The drafters of the Rules[1] chose not to require a single-stage set of contentions that would be binding throughout the litigation.  Rather, the Rules adopt an approach that requires *very* early initial, non-binding contentions, followed later in the suit by final, binding contentions.  The purpose of the initial contentions is not to lock the parties into particular positions but rather to enable the them to focus discovery and preparation on the issues that are likely to be significant as the case progresses.  *See* LPR 1.6, Committee Comment.  Had the drafters of the Rules intended the initial contentions to be binding or to, in effect, estop the parties from taking different or contrary positions later, they would not have required the disclosures at such an early stage of the case.  In this regard, the Court notes that although the Rules require a showing of good cause and the absence of unfair prejudice to amend *final* contentions, *see* LPR 3.4, they contain no similar requirement that would effectively bind a party to its initial contentions.

---

[1] The undersigned judge has served as chair of the district's Local Patent Rules Committee since it was first formed, and Magistrate Judge Schenkier likewise has served on the committee since its inception.  The Court references this not to suggest any particular expertise in interpreting the Rules but rather to describe the basis for its familiarity with the choices made in drafting the Rules.

The Court acknowledges that Oil-Dri filed a motion earlier in the case in which it argued that certain of the points in Nestle's initial invalidity contentions were unduly vague and noncompliant with LPR 2.3(b)(3). Judge St. Eve denied the motion without prejudice pending filing of Nestle's final contentions. *See* dkt. no. 140 at 21 n.12. Nothing in Judge St. Eve's ruling suggests, however, that she intended to bind Nestle to its initial contentions. Rather, the face of the ruling suggests that Judge St. Eve wanted to make sure that the final contentions were not unduly vague as Oil-Dri argued the initial contentions were. Oil-Dri has not asserted in the present motion any vagueness arguments regarding Nestle's final contentions.

Finally, Oil-Dri had a fair opportunity to take discovery based on any allegedly newly-made final contentions. The Rules required the final contentions to be made six weeks before the close of fact discovery (fact discovery is to be completed four weeks after the parties' exchange of claim terms for construction under LPR 4.1, which in turn takes place two weeks after service of the final contentions under LPR 3.2). *See* LPR 4.1(a), 1.3. The final contentions were also made months before expert disclosures are due, as those disclosures postdate claim construction, which has not yet occurred. One reason why the Rules defer expert discovery until after claim construction is to enable the parties to focus expert opinions regarding infringement and invalidity on the construction of the claims adopted by the Court rather than making these disclosures in the blind or semi-blind. Because, as a practical matter, invalidity arguments are typically based largely on expert opinions, Oil-Dri will have an ample opportunity to address Nestle's final invalidity contentions via its expert disclosures on validity when it serves them later this year.

2. The Court overrules without prejudice Oil-Dri's contention that Nestle is improperly relying on prior art that was the subject of a prior estoppel ruling by Judge St. Eve. Now is not the time to address the merits of Nestle's invalidity contentions; that is better addressed at summary judgment. In addition, this objection may be rendered wholly or partly moot by the Court's limitation on the number of prior art defenses that Nestle may assert, discussed in the next paragraphs of this order.

3. Underlying Oil-Dri's objections is a contention that Nestle has essentially hurled a mass of invalidity defenses at the wall, hoping to overwhelm Oil-Dri and perhaps the Court with (among other things) numerous permutations of prior art combinations asserted as a basis for invalidity. In particular, a number of Nestle's contentions consist of a statement that a particular item of prior art renders a particular claim or claims obvious in combination with (for example) "two or more" of a laundry list of other references. The upshot, as Oil-Dri indicates, is that Nestle is effectively asserting hundreds and hundreds of different possible combinations of prior art.

One would not expect Nestle to actually advance, in a summary judgment motion or before a jury, hundreds, or even a hundred, or even several dozen separate bases to invalidate a patent claim. A party employing this sort of tactic likely would do serious damage to its own credibility. That aside, the page limitation rules for summary judgment briefs would not permit this approach, and no reasonably competent trial lawyer would rationally expect a jury to be able to follow an argument with this level of complexity. Rather, it is relatively obvious that what is happening here is that Nestle is trying to keep its options as open as possible until the last minute, when it will elect its real defenses. That is all well and good, but Nestle's approach defeats the purpose of

the LPR's final contention rules just as much as Oil-Dri's attempt to bind Nestle to its initial contentions would defeat the purpose of the LPR's initial contention rules.

Partly to prevent abuses like this, the Local Patent Rules Committee recently approved proposed amendments to the Rules that would modify the final invalidity contention rule, LPR 3.1(b), to impose limits on the number of final invalidity and unenforceability contentions a party may make.  If amended, LPR 3.1(b) will read as follows:

> (b) <u>Final Unenforceability and Invalidity Contentions</u>.  Each party asserting invalidity or unenforceability of a patent claim shall serve on all other parties, at the same time that the Final Infringement Contentions required by LPR 3.1(a)(2) are served, "Final Unenforceability and Invalidity Contentions" containing the information required by LPR 2.3 (b) and (c).  Final Invalidity Contentions may rely on more than twenty-five (25) prior art references only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties.  For each claim alleged to be invalid, the Final Unenforceability and Invalidity Contentions are limited to four (4) prior art grounds per claim and four (4) non-prior art grounds.  No claim asserted to be infringed shall be subject to more than eight (8) total grounds per claim.   Each of the following shall constitute separate grounds: indefiniteness, lack of written description, lack of enablement, unenforceability, and non-statutory subject matter under 35 U.S.C. § 101.  Each assertion of anticipation and each combination of references shall constitute separate grounds.

The proposed amendment will be considered by the district's Rules Committee during the week of June 11 and likely will be considered by the court as a whole the following week.  The undersigned judge believes that adoption is likely.  But irrespective of whether the amendment is adopted, the Court will, in this case, impose a limit on Nestle's invalidity and unenforceability contentions consistent with the spirit and purpose of the proposed amendment.  Specifically (and given the number of patent claims that appear to be at issue), the Court limits Nestle to:

5

- no more than 25 prior art references;

- for each claim alleged to be invalid, no more than 8 prior art grounds per claim and no more than 4 non-prior art grounds per claim; and

- each assertion of anticipation and *each combination of references* shall count as a separate ground.

The upshot—particularly given the proposition that each combination of references counts as a separate ground against the overall limits—is that Nestle will need to significantly pare down and focus its invalidity and unenforceability contentions. The Court directs Nestle to complete this task and serve amended contentions by no later than July 3, 2018, so that Oil-Dri will be aware, before the claim construction hearing and well before its expert disclosures are due, exactly what invalidity and unenforceability contentions Nestle will pursue.[2]

### Conclusion

The Court denies plaintiff's motion to exclude certain prior art defenses [dkt. 198] but directs defendant to serve a revised set of invalidity and unenforceability contentions consistent with this order by no later than July 3, 2018.

Date: June 9, 2018

```
                                    _____
                                          MATTHEW F. KENNELLY
                                          United States District Judge
```

---

[2] The Court notes that, under LPR 3.4, Nestle will be able to amend its revised final contentions "only by order of the Court upon a showing of good cause and absence of unfair prejudice to opposing parties," as provided by LPR 3.4 (which the Local Patent Rules Committee has not proposed to amend).