UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.2
Eastern Division

Oil−Dri Corporation of America
         Plaintiff,
v.                Case No.: 1:15−cv−01067
               Honorable Matthew F. Kennelly
Nestle Purina Petcare Company
         Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, March 13, 2019:

   MINUTE entry before the Honorable Matthew F. Kennelly: Plaintiff's "motion for miscellaneous relief stemming from the Court's summary judgment order" [672] partly consists of untimely motions in limine that exceed the applicable page limitations, but the Court declines defendant's motion to strike them [696] [698] because dealing with at least some of them now will save trial time. The Court rules as follows: (1) The motion to preclude all reference to defendant's wet−coat process or post−mixed agglomerated granule sweeps far too broadly and is denied for that reason, without prejudice to plaintiff's right to object to particular evidence or testimony. (2) The probative value of the timing of plaintiff's assertion of its patent rights vis−a−vis defendant is significantly outweighed by the danger for unfair prejudice that would arise admission of testimony or argument about this, or argument regarding "delay" generally−−unless, of course, plaintiff's opens the door to this at trial. Defendant expressly withdrew its laches defense. It argues that the timing of plaintiff's sending of a cease−and−desist letter (or the equivalent) bears on the issue of defendant's willfulness, but willfulness concerns the defendant's state of mind, and the date (or delay) by plaintiff has only minimal probative value on the point, and by contrast runs a significantly unfair risk that the jury would find against plaintiff due to its delay despite the absence of a laches defense. (3) Plaintiff's request to bifurcate the question of inequitable conduct is not truly a motion in limine, so it is not untimely. The Court takes the question under advisement. (4) On the question of defendant's affirmative defenses: (a) Defendant's description of what it calls an "acquiescence" defense makes it clear that it is attempting to repackage, under a different label, its withdrawn laches defense. In support of the proposition that "acquiescence" as described in its brief is a viable affirmative defense, defendant cites only non−patent cases, none of them from the Federal Circuit. Defendant has failed to support the viability of this defense with applicable authority, and the Court has no intention of doing defendant's work for it. The Court therefore strikes the "acquiescence" defense, without prejudice to a prompt motion for reconsideration if defendant can cite controlling authority applying this defense in a patent infringement case. (b) Defendant has dropped its defense of unclean hands. It has not dropped its defense of inequitable conduct, and the Court is not going to entertain at this late date a request to strike the defense. As indicated above, the Court has taken under advisement plaintiff's request to bifurcate inequitable conduct from the issues to be presented to the jury. (mk)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.