**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Oil-Dri Corporation of America, | |
| *Plaintiff – Counterclaim Defendant,* | Case No. 1:15-cv-01067 |
| v. | Honorable Matthew F. Kennelly |
| Nestlé Purina PetCare Company, | JURY TRIAL DEMANDED |
| *Defendant – Counterclaim Plaintiff.* | |

## PURINA'S MOTION FOR RECONSIDERATION

Purina hereby moves the Court to reconsider its decision excluding Purina's U.S. Patent No. 6,887,570 (the "'570 Patent") from the case. Although not relevant to infringement, the '570 Patent is relevant to validity, damages, and copying/willfulness, and its exclusion would be unduly prejudicial to Purina. Moreover, as explained below, the specific content of the '570 Patent, and not merely its existence, is directly at issue.

### I. The Probative Value of the '570 Patent Far Outweighs Any Possible Prejudice.

In cases such as this, where the '570 Patent is directly relevant to key issues, defendants should be permitted to rely on the patent, and would be prejudiced by its exclusion:

> Defendants should be allowed to present evidence of independent development to rebut allegations that Defendant willfully infringed or that Defendant copied Plaintiffs' technology. Such development efforts purportedly include development of intellectual property, such as patents. The Court can, however, give the jury a limiting instruction to explain that although the Court is allowing testimony concerning patents owned or licensed by Defendant, the fact that Defendant owns or licenses patents is not a defense to infringement in this case. Such a limiting instruction can also explain that the Court is admitting the testimony for the limited purpose of rebutting Plaintiffs' allegations that any infringement was willful. Further, evidence of Defendant's development efforts and intellectual property, including patents, may be relevant to a reasonable royalty analysis. *See Georgia Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (factor 13 includes considering the "portion of the

realizable profit that should be credited to the invention as distinguished from "significant features or improvements added by the infringer"). Plaintiffs' limine item number 4 should therefore be DENIED IN PART such that Defendant can present evidence of its own development efforts and patents for the limited purposes of rebutting allegations of willfulness and analyzing a reasonable royalty.

*Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009). Moreover, any perceived prejudice likewise can be addressed with a limiting instruction.

## II.    The Substance of the '570 Patent Is Relevant to Alleged "Abandonment" of The Accused Products.

Purina's invalidity defenses include that the Accused Products have an earlier priority date than the alleged invention of the '019 Patent. *See, e.g.*, ECF 647, SJ Order at 17. As this Court has noted, "Purina will ultimately bear the burden of proving its invalidity contentions by clear and convincing evidence." *Id.* (citing *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1340 (Fed. Cir. 2010). Oil-Dri has argued, in response, that "the record contains evidence that the invention was abandoned or otherwise ineligible for the February 27 [1997] priority date." *Id.* at 19. The Court denied Purina's Motion for Summary Judgment on this issue, holding that a genuine dispute of material fact remains as to whether Purina abandoned or failed to diligently develop the Accused Products. *Id.*

A delay between conception and reduction to practice may be reasonable if "the reason for the delay was to perfect the invention." *Lutzker v. Plet*, 843 F.2d 1364, 1367 (Fed. Cir. 1988). "When, however, the delay is caused by working on refinements and improvements which are not **reflected in the final patent application**, the delay will not be excused." *Id.* (emphasis added). Unless Oil-Dri is willing to stipulate that the refinements and improvements Purina made to its invention from 1997-2002 are reflected in the '570 Patent, then the substance of the '570

Patent will be required to prove that this is so. Again, to the extent Oil-Dri intends to argue that Purina somehow abandoned its invention, discussion of the '570 Patent <u>and</u> the substance of the invention claimed therein is relevant and appropriate, and should not be excluded.

**III.** **The Contribution Of The '570 Patent Is Properly Considered Under _Georgia-Pacific_ Factor 13 And Is Germane To The Proper Apportionment Of A Reasonable Royalty.**

In discussing _Georgia-Pacific_ factor 13, Oil-Dri's damages expert Julie Davis specifically identifies the '570 Patent as covering aspects of, and being listed on the packaging for, Purina's Accused Products. Ex. 1, Davis Rpt. at 46-47. Ms. Davis then tries to discount the weight of Purina's contributions as enshrined in the '570 Patent by noting, "I understand from my discussion with Dr. Goss that Nestlé Purina's cost savings benefits are directly related to the use of the technology of the '019 Patent . . . ," _id._ at 47, and, "I further understand that it is the opinion of Dr. Goss and Dr. Johnston (Oil-Dri's technical experts) that the sodium bentonite reduction benefit of the '570 patent is permitted due to Nestlé Purina's use of the '019 patent and not the 'coating process.'" _Id._ at 30. Likewise, Oil-Dri's witness J.T. Harrison specifically quotes from the '570 Patent to support his opinion that Purina would achieve costs savings from employment of the technology contained therein. Ex. 2, Harrison Rpt. ¶ 6.

In other words, Oil-Dri itself has put at issue not just the existence of the '570 Patent, but the specific substance of what that patent claims and discloses. As the Federal Circuit held in _Exmark_, the specific technical contributions of that patent to Purina's Accused Products must be assessed:

> Equally problematic, the expert acknowledged that [defendants] have patents covering other components of the accused mowers. But she ignored those components, opining without support that they do not relate to the quality of cut, which she considered "paramount" to selling mowers . . . We are skeptical that other patented components of the mower bear no relation to the overall value of the accused mowers, which would influence the relative value of the patented baffle and thus the royalty rate.

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1350 (Fed. Cir. 2018).

Just as in *Exmark*, Ms. Davis acknowledges Purina's patent, but then, relying on the opinions of Dr. Goss and Dr. Johnston, ignores any contribution therefrom. But Purina's technical expert, Dr. Boxley, rebuts those opinions and explains that the benefits achieved in Purina's Accused Products are attributable to the coating process of the '570 Patent, not the '019 Patent. Ex. 3, Boxley Rpt. at ¶¶ 103-106 (relying on specific citations to language in the '570 Patent). Purina will be unduly prejudiced if it is unable to challenge the opinions underlying Ms. Davis's inflated damages theory that no contributions of Purina's patented invention influence the value of the Accused Products.

**IV.    The '570 Patent Is Part Of The "Totality Of The Circumstances" That Must Be Considered In Determining Willfulness.**

Courts have long and routinely held that evidence of a defendant's own patent is relevant to rebut allegations of willful infringement. *See, e.g., King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 867 (Fed. Cir. 1985) ("by relying on the issuance of its patent, which even cited the [asserted patent] as prior art, [Defendant's] management might reasonably have believed that its actions were protected as within its own patentably distinct claims, while falling outside the [asserted patent] claims.") (abrogated on other grounds). *See also, e.g., Am. Sci. & Eng'g, Inc. v. Autoclear, LLC*, No. 2:07CV415, 2009 WL 10688421, at *1 (E.D. Va. May 22, 2009) ("The Court finds that Defendants may reference their own patents . . . solely for the limited purpose of defending against the allegation of willfulness."); *Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 4560071, at *8 (N.D. Cal. Aug. 22, 2016) (same); *Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1308 (N.D. Ga. 2016) (same).

Dated: March 13, 2019                    Respectfully submitted,

                                         By: _/s/ Michael J. Abernathy_____
                                         Michael J. Abernathy
                                         Jason C. White
                                         Sanjay K. Murthy
                                         Maria E. Doukas
                                         Brittany A. Washington
                                         Michael Sikora
                                         MORGAN, LEWIS & BOCKIUS, LLP
                                         77 West Wacker Drive, Suite 500
                                         Chicago, IL 60601
                                         Telephone: (312) 324-1000
                                         mike.abernathy@morganlewis.com
                                         jason.white@morganlewis.com
                                         sanjay.murthy@morganlewis.com
                                         maria.doukas@morganlewis.com
                                         brittany.washington@morganlewis.com
                                         michael.sikora@morganlewis.com

                                         David A. Roodman
                                         Nick E. Williamson, *Pro Hac Vice*
                                         Emma C. Harty, *Pro Hac Vice*
                                         BRYAN CAVE LEIGHTON PAISNER LLP
                                         One Metropolitan Square
                                         211 N. Broadway, Suite 3600
                                         St. Louis, Missouri 63102
                                         Tel. (314) 259-2000
                                         daroodman@bclplaw.com
                                         nick.williamson@bclplaw.com
                                         emma.harty@bclplaw.com

                                         *Attorneys for Defendant Nestlé Purina PetCare
                                         Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to L.R. 5.9 on March 13, 2019.

*/s/ Michael J. Abernathy*